J-S18029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID TRAVWICK | |
| Appellant | No. 1728 EDA 2016 |

Appeal from the PCRA Order dated May 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0109001-2003

BEFORE: PANELLA, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED MAY 31, 2017**

Appellant, David Travwick, appeals *pro se* from the order dismissing as untimely his fourth petition for post-conviction relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–46.  We affirm.

The PCRA court summarized the procedural background of this case as follows:

> On June 15, 2004, following a bench trial before this Court, [Appellant] was found guilty of murder of the third degree (F1), possessing instruments of crime (PIC) (M-1), and two counts of recklessly endangering another person (REAP) (M-2). Sentencing was deferred until September 15, 2004, at which time [Appellant] was sentenced to a term of not less than 15 nor more than 40 years in prison. [Appellant] did not file post-sentence motions. On September 17, 2004, [Appellant] filed a notice of appeal. The Superior Court affirmed [Appellant's]

---

[*] Former Justice specially assigned to the Superior Court.

judgment of sentence on November 28, 2005. [Appellant] did not petition for allowance of appeal in our Supreme Court.

PCRA Court Opinion, 7/7/16, at 1 (citation to notes of testimony and footnotes omitted).

In the past decade, Appellant has sought relief under the PCRA on three prior occasions and without success. He filed the *pro se* PCRA petition in this appeal – his fourth – on August 13, 2015. On April 6, 2016, the PCRA court sent Appellant notice of its intent to dismiss the petition as untimely pursuant to Pennsylvania Rule of Criminal Procedure 907. On May 20, 2016, the PCRA court dismissed the petition without a hearing. This timely appeal followed.

Appellant presents a single issue for our review:

Is Appellant's sentencing statute unconstitutional in light of the U.S. Supreme Court decision in **Welch v. U.S.**, 136 S.Ct. 1257; 194 L.Ed.2d 387 (2016) which held **Johnson v. U.S.**, 135 S.Ct. 2551 (2015) announced a new substantive rule that has retroactive affect in cases on collateral review.

Appellant's Brief at 5.

Before we look to the merits of an appellant's PCRA claims, we must determine whether his PCRA petition was timely. The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). If a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. **Id.** "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. **Id.**

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, the applicability of one of the statutory exceptions to the time for filing the petition. *Commonwealth v. Gamboa–Taylor,* 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa–Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of sentence became final on December 28, 2005, when the thirty-day period for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3). Therefore, Appellant had to file his PCRA petition by December 28, 2006 in order for it to be timely. *See Commonwealth v. Travwick*, 91 A.3d 1273 (Pa. Super. 2013) (unpublished memorandum at 3). As Appellant filed the petition before us on August 13, 2015, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions

- 3 -

applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Within his brief, Appellant fails to address the PCRA's time bar. *See generally*, Appellant's Brief at 7-17.[1] He does, however, claim that recent cases involving the constitutionality of sentences, including *Welch v. United States*, 136 S.Ct. 1257 (2016), and *Johnson v. United States*, 135 S.Ct. 2551 (2015), entitle him to relief. *Id.* at 8-17. This may mean that Appellant intended to invoke the statutory exception in 42 Pa. C.S. § 9545(b)(1)(iii) for newly-recognized constitutional rights, but Appellant never actually makes that argument. Appellant fails to discuss or explain how the cases he cites apply to his judgment of sentence so as to warrant a finding of a statutory exception to the PCRA's time bar.[2] Accordingly, Appellant's PCRA petition is untimely, as he has failed to establish the applicability of any exception to the statutory deadlines for filing a petition.

---

[1] In his PCRA petition, Appellant cited *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), and claimed that his petition was timely because he filed it after *Hopkins* held 18 Pa.C.S. § 6317 to be unconstitutional under *Alleyne v. United States*, 133 S.Ct. 2151 (2013). Appellant does not mention *Hopkins* in his appellate brief.

[2] To the extent Appellant's cited cases address the unconstitutionality of mandatory minimum sentences, they do not apply here because Appellant did not receive such a sentence. *See* PCRA Court Opinion, 7/7/16, at 5 ("[t]hese cases, however, do not apply to petitioner, as he was not sentenced to any mandatory minimum sentence"); *see also* Commonwealth's Brief at 10 (defendant did *not* receive a mandatory-minimum sentence).

We thus affirm the PCRA court's dismissal of Appellant's fourth PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2017